UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS WARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-1441** |
| **JAZZ CASINO COMPANY, LLC** d/b/a **HARRAH'S NEW ORLEANS CASINO** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Jazz Casino Company, LLC's Motion for Summary Judgment (Doc. #9) is **DENIED**.

## BACKGROUND

This matter is before the court on a motion for summary judgment filed by defendant, Jazz Casino Company, LLC.

Jazz Casino owns Harrah's Casino in New Orleans, Louisiana. On May 18, 2014, plaintiff, Thomas Ward, a Harrah's Casino patron, slipped and fell in the restroom. He filed this suit in the Civil District Court, Parish of Orleans, State of Louisiana seeking damages for injuries related to the accident. Ward alleges that his fall was caused by "an unknown slippery substance, but believed to be soap water, on the floor of the bathroom." Ward also alleges that a Harrah's custodian was cleaning the restroom at the time of his fall, and that there were no signs warning of a wet floor.

Jazz Casino removed the action to the United States District Court for the Eastern District of Louisiana. After conducting Ward's deposition, Jazz Casino filed a motion for summary judgment arguing that it is entitled to judgment in its favor because Ward cannot prove that Jazz Casino had actual or constrictive knowledge of the condition that allegedly caused Ward's fall.

## ANALYSIS

### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire

Corp., 942 F.2d 299, 301 (5th Cir. 1991). Further, if a nonmovant shows by affidavit that it cannot present essential facts for a specified reason, the court may defer considering the motion or deny it. Fed. R. Civ. P. 56(d)(1).

**B.     Merchant Liability for Slip and Fall**

Louisiana Revised Statutes § 9:2800.6 establishes the burden of proof in slip and fall cases brought against merchants, including casinos. Richardson v. Louisiana-I Gaming, 55 So.3d 893, 895 (La. Ct. App. 2010) (citing Rowell v. Hollywood Casino Shreveport, 996 So.2d 476 (La. Ct. App. 2008)). Section 9:2800.6 provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care.

La. Rev. Stat. § 9:2800.6. A plaintiff may prove a merchant's "constructive notice" of a condition by showing "that the condition existed for such a period of time that it would have been discovered if the merchant had exercises reasonable care." Id. at § 9:2800.6(C)(1). However, an employee's presence "in the vicinity in which the condition existed does not, alone, constitute constructive

3

notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." Id.  The plaintiff's failure to prove any of the elements stated in § 9:2800.6(B) will result in judgment in the merchant's favor.  Richardson, 55 So.3d at 895 (citing Harrison v. Horseshoe Entm't, 823 So.2d 1124 (La. Ct. App. 2002)).

    Jazz Casino argues that Ward cannot establish that Jazz Casino had actual or constructive knowledge of the wet substance allegedly on the restroom floor because Ward testified at his deposition that he did not know how the wet substance got on the floor or how long it was there prior to his fall.  In his affidavit, Ward contends that he is still conducting discovery regarding the wet substance on the floor.  Particularly, Ward seeks to identify and depose the custodian that he alleged was in the restroom at the time of his fall to determine whether the custodian knew or should have known of the wet substance on the restroom floor.  Because discovery regarding this issue is ongoing, Jazz Casino's motion for summary judgment is DENIED.

## CONCLUSION

    **IT IS HEREBY ORDERED** that Jazz Casino Company, LLC's Motion for Summary Judgment (Doc. #9) is **DENIED**.

    New Orleans, Louisiana, this  11th  day of December, 2015.

                                        **MARY ANN VIAL LEMMON**
                                        **UNITED STATES DISTRICT JUDGE**